CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 9 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

DARYLL SHUMAKE,      )
    Plaintiff,      )      Civil Action No. 7:05cv00802
                )
v.                 )      **MEMORANDUM OPINION**
                )
A.P. HARVEY, et al.,      )
    Defendants.      )      **By: Samuel G. Wilson**
                )      **United States District Judge**

Plaintiff Daryll Shumake, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Shumake alleges that, while incarcerated at Wallens Ridge State Prison ("WRSP"), he fell down the stairs after officials improperly housed him on an upper floor. Shumake seeks $150,000,000 in damages and/or his immediate release from prison. The court finds that Shumake's complaint fails to state a claim upon which the court may grant relief and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1), which allows dismissal of a prisoner suit if it is clear from the complaint that the plaintiff is not entitled to relief.

## I.

Shumake alleges that officials assigned him to a cell on an upper floor of WRSP upon his arrival and that, two days later, he complained to a doctor, who recommended officials transfer him to a cell on the ground floor. Officials did not immediately move Shumake, though, and, on February 27, 2004, five days after the transfer recommendation, he fell down the stairs. After his fall, officials transferred Shumake to a ground-floor cell. Shumake alleges that prison officials subjected him to cruel and unusual punishment and committed medical negligence by assigning him to an upper floor. Shumake does not allege that he suffered any new injuries as a result of the fall;

rather, he argues that he is currently partially paralyzed due to the presence of a bullet in his skull and that the fall *could have* caused severe injury by aggravating his existing conditions.

## II.

In order to state a claim of constitutional significance regarding prison conditions or medical treatment, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury or that the conditions or medical treatment pose an unreasonable risk of serious damage to his future health. <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-81 (4th Cir. 1993); <u>Helling v. McKinney</u>, 509 U.S. 25 (1993). Shumake appears to allege only that the fall could have injured him, not that it did, and he admits that officials have since transferred him to a ground-floor cell. Thus, Shumake has failed to allege an injury or the risk of future injury and, therefore, has failed to state a claim upon which the court may grant relief. Moreover, to establish deliberate indifference to a medical need, Shumake must demonstrate that prison officials had knowledge of his objectively serious medical need but disregarded it; a mere demonstration of negligence will not suffice. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). Shumake does not deny that physicians examined him and recommended a transfer to a ground-floor cell. His allegations that prison officials unreasonably delayed in implementing the transfer amount, at most, to a claim of negligence, which is not cognizable under the Eighth Amendment.

## III.

For the stated reasons, the court dismisses Shumake's suit pursuant to § 1915A(b)(1).


**ENTER:** This _9th_ day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

2